# Exhibit A

IN THE CIRCUIT COURT OF FAIRFAX COUNTY, VIRGINIA

LISA GATHERS                                      Case No.: 2026 03217

      Plaintiff, Pro Se

vs.

JEANETTE MICHELLE STATON

      Defendant

## COMPLAINT FOR DEFAMATION

Plaintiff Lisa Gathers ("Plaintiff"), appearing pro se, for her Complaint against

Jeanette Michelle Staton ("Defendant"), states as follows:

### I.    PARTIES

1. Plaintiff Lisa Gathers is an employee of the U.S. Department of Transportation, Federal Motor Carrier Safety Administration. She works in an office located in Vienna, Virginia, Fairfax County, and serves in a supervisory role.

2. Defendant Jeanette Michelle Staton is also an employee of the U.S. Department of Transportation, Federal Motor Carrier Safety Administration working in the same office located in Vienna, Virginia, Fairfax County.

### II.    JURISDICTION AND VENUE

3. Venue is proper in this Court because the acts complained of occurred in Fairfax County, Virginia.

### III.    FACTUAL BACKGROUND

4. Plaintiff and Defendant work in the same professional environment.

5. In or around October 16, 2025, Plaintiff, in her supervisory capacity, requested an update from Defendant regarding an assigned work project.

6. Shortly thereafter, Defendant began making statements alleging that Plaintiff engaged in workplace harassment.

7. These allegations were inaccurate.

LISA GATHERS V. JEANETTE MICHELLE STATON           1

8. In or around February 2026, Defendant repeated these allegations to coworkers and solicited statements from others regarding Plaintiff.

9. During this same time period, and after becoming aware of Plaintiff's pregnancy, Defendant communicated to coworkers that she would assume Plaintiff's position and stated that she should have been in Plaintiff's role.

### IV.    DEFAMATORY STATEMENTS

10. Defendant falsely stated to third parties that:

   a. Plaintiff engaged in workplace harassment

   b. Plaintiff engaged in retaliation

11. These statements were presented as fact.

12. Plaintiff has never engaged in harassment or retaliation toward Defendant.

### V.    PUBLICATION

13. Defendant communicated these statements to coworkers, supervisors, and leadership personnel located in both Virginia and Washington, DC.

### VI.    CEASE AND DESIST

14. On February 23, 2026, Plaintiff issued a cease-and-desist letter requesting that Defendant stop making false statements regarding harassment and retaliation.

15. After receiving this request, Defendant repeated the same accusations.

### VII.    FALSITY

16. The statements made by Defendant are false.

### VIII. HARM

17. As a result of Defendant's statements, Plaintiff has suffered harm to her professional reputation and workplace credibility.
18. Plaintiff has also experienced emotional distress, including during her pregnancy.

19. These circumstances contributed to Plaintiff's need to take medical leave and have impacted her work hours.

### IX. CLAIM FOR DEFAMATION

20. Defendant knowingly communicated false statements of fact about Plaintiff to third parties.

21. These statements have caused reputational and professional harm.

### X. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory damages of $75,000

b. Award punitive damages

c. Award reimbursement for sick leave and annual leave used as a result of the harm caused by Defendant's statements

d. Grant such further relief as the Court deems appropriate

Respectfully Submitted,

Lisa Gathers, Pro Se

_____
Signature

February 25, 2026